## JOHN WENTWORTH v. DANIEL BUHLER.

In the Marine and District or Justices' Courts, a plaintiff may present his cause of action in as many aspects as he can, if they are not inconsistent with each other, and all exhibit causes of action which may be joined.

A parol agreement, first, by the plaintiff to let a store to the defendant—secondly, by the defendant to employ the plaintiff as clerk—and thirdly, to sell and deliver goods to the latter, the whole forming one entire parol contract; may be proved and insisted upon, notwithstanding that a bill of sale of the goods is afterwards made, which contains nothing in relation to the hiring of the store or the agreement to employ the plaintiff as clerk. Such bill of sale will be deemed a part performance of the parol contract and not a reducing of the whole contract to writing.

A father is entitled to recover the wages of his minor son.

Where a witness for the defendant testified to the amount of sales made per day by the plaintiff, for the purpose of proving that he neglected the defendant's business in a store of which the plaintiff had charge as a clerk; *held*, that it was not incompetent, upon cross examination, for the plaintiff to inquire the amount per day sold in another and larger store of the defendant in the neighhood, in charge of the defendant personally—where a greater number of clerks were employed—for the purpose of testing the memory of the witness and affecting his credibility.

THE complaint in this action alleged that the plaintiff and his minor son performed, for a specified period, services to the amount of $231, as salesmen and clerks, in a store of the defendant at number 460 Pearl street. This averment was followed by an allegation, that at a certain time the defendant entered into a special contract with the plaintiff for the services of the latter and of his minor son as salesmen and clerks, and agreed to pay therefor at a certain rate; that the services had been performed and tendered, and that the defendant had violated his contract to employ and pay, to the plaintiff's damage in the sum of $231.

The answer averred that the plaintiff was discharged for cause, and had subsequently found other and more profitable employment; that his son voluntarily abandoned the defendant's service; and that the defendant had performed his part of the alleged agreement.

The Marine Court gave judgment for the plaintiff, from which the defendant appealed. The grounds of the appeal, with such of the facts and evidence as are material to the points determined, appear, in the order in which they are discussed, in the opinion.

*Henry P. Allen*, for the defendant.

*Anthony R. Dyett*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—This was an action brought as well to recover for work, labor and services done and performed by the plaintiff and his son for the defendant, between the 1st of April and 15th of June, 1853, as also upon an alleged special contract of hiring from the 1st of April to the 15th of June, 1853, and in that respect the form of the complaint was such as to present two causes of action or two grounds of recovery.

The notice of appeal assigns as one ground for the reversal of the judgment, that the court below refused to compel the plaintiff to elect upon which count in the declaration or complaint he would rely. He presents no argument in support of this ground of appeal, and I suppose it is therefore not insisted upon. It is proper, however, that I should say that there was no error in this. I know of no rule which prevents a plaintiff in a justice's court from presenting his claim or cause of action in as many legal aspects, not inconsistent with each other, as his counsel may think proper, and, finally, he may recover according to his proofs.

The next ground of appeal is in like manner left unsupported by any argument. It is not very intelligible in itself. The plaintiff insisted upon a contract, which the witness stated was to the effect that in consideration that the plaintiff would let to the defendant a certain store, the defendant would employ the plaintiff and his son from May 1st to June 15th as clerks, and would also sell certain furniture to the plaintiff. The furniture referred to was mentioned in a certain bill of items, headed

" Wentworth and DeGraff bought of D. Buhler," and after the enumeration of the articles, the bill adds that they are to be delivered with the possession of the building on the 15th of June, 1853, and signed by the defendant.

This was not, and does not purport to be, the contract in question : it was the parol letting by the plaintiff to the defendant which formed the consideration of the agreement to employ the plaintiff and his son, and which was also the consideration for this bill of parcels, and the agreement of the defendant to deliver the possession thereof when the term of the hiring expired. The bill of parcels was evidently signed by the defendant in part performance of the parol contract. It did not itself constitute the contract between them, and though admissible in evidence, for the purpose of fixing the date of the transaction, had little if any other bearing upon the case. There, therefore, was no ground for insisting that the plaintiff could give no proof of a parol agreement for the hiring of the store by the defendant, and of his agreement in consideration thereof to give the plaintiff and his son employment ; nor any ground, as it is expressed in the notice of the appeal, for requiring the justice " to strike out the verbal part of the complaint."

The refusal of the court to dismiss the complaint was not erroneous in law. There was some evidence of the agreement to employ the father and his son, then a minor, until the 15th of June, and some evidence that he discharged them in violation of his agreement ; and although it did appear that they were paid for their services down to the time of their discharge, there was evidence entitled to be considered and weighed by the court, sitting as a jury to determine questions of fact ; and if, upon the whole case, his conclusions are not so against the weight of the evidence or so without evidence to support them that we would not set aside a verdict in a like case, we must hold that he properly refused to dismiss the complaint.

And the burden of the argument submitted by the counsel for the appellant is, that the finding of the court below is against the weight of the evidence. We have so often refused to set aside judgments merely because the evidence seems, as sub-

mitted in writing, to preponderate against the finding, and our opinions on this subject have been so often repeated from term to term, that we do not feel called upon again to repeat what has been so often stated.

Suffice it to say, that in this case the justice does not appear to have given judgment for wages proved to have been paid, nor to have found against any uncontradicted proof. Indeed there is little, if any, contradiction of the allegation that the defendant did make the agreement and did not employ the plaintiff and his son for the time specified.

Whether they left by mutual consent? whether they had other employment? whether they neglected the defendant's business? and similar questions, were matters in respect to which the proof was conflicting, and the finding of the court below must be taken as conclusive. We do not suppose that the legislature intended that we should try over every issue of fact which was the subject of inquiry in the courts below.

But the appellant objects that the plaintiff could not recover for the failure to employ the son. I perceive no sufficient reason for this objection. The contract was made with the father—his son was a minor. The father had a right to his wages if he chose to take them; and if he had theretofore permitted the son to have his wages and to receive board from him, that gave the son no legal right to require it, nor did it prevent the father's resuming his own right when he chose. Besides, the evidence showed that theretofore during the clerkship of the son the father received his wages in general, and what he chose to allow to his son was at his own option. He had not so emancipated him that he could not enforce the contract in question.

It is urged that the court erred in permitting the counsel for the plaintiff, on the cross examination of the defendant's witness, Broker, to inquire into the amount of the sales made in another of the defendant's stores. The plaintiff and his son alone attended to the sales at the store No. 460, and the defendant and two salesmen attended to the much larger store, No. 450. The defendant's counsel had endeavored to show

that the plaintiff and his son were inattentive to business, suffered customers to leave without attention, and even slept in business hours ; and to throw further light on the subject, had proved by Broker that the receipts at that store were only from $150 to $200 per day. Surely under this state of things it was not incompetent for the cross examining counsel, for the purpose of testing the memory of the witness, or even for the purpose of testing the probability of this charge of neglect, to inquire the amount of sales at the larger store conducted by the defendant in person and with two salesmen under his direction. True, the evidence was not relevant to the issue, but that is no test for a cross examination; if it was relevant to the question of credibility, or any collateral matter opened by the adverse party, it was admissible. The latitude given to a cross examination is such, moreover, that we must be very fully satisfied that injustice is caused by it before we would reverse a judgment because on cross examination a purely irrelevant question was allowed.

This disposes of all the grounds stated in the notice of appeal, except that the judgment was rendered before the cause was submitted. This does not so appear by the return.

The argument submitted by the appellant states several objections to the judgment which are not assigned for error in the notice of appeal, and which therefore cannot properly be now raised.

It is, however, not improper for us to say, in relation to the objection that the judgment was not rendered within four days after the submission of the cause as required by statute, that the return does not specifically state on what day the cause was submitted to the court for decision, but does state that judgment was rendered on the 19th of May, 1854. The notice of appeal states that the cause was submitted for decision on the 15th day of May, and the appellant will not be dissatisfied that we give credit to his own statement, instead of sending to the justice for a further return on that point.

The judgment should, I think, be affirmed with costs.

Judgment affirmed.